UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PAUL DAVID JOHNSON, | Case No. 22-cv-07858-JSW |
|---|---|
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| SANCHEZ, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against three officials at San Quentin State Prison ("SQSP"). He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the case is DISMISSED for failure to state a cognizable claim for relief.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff claims that Defendant Sanchez, a Correctional Officer, would not let him return to the law library after he used the restroom.  According to Plaintiff, Sanchez stated, "In and out is over."  Plaintiff alleges that he saw Sanchez give two "Mexican" inmates permission go to the chapel and one White inmate permission to go to the yard.  Plaintiff claims that Sanchez discriminated against him based upon race, in violation of the Equal Protection Clause.

Plaintiff has failed to state a cognizable claim against Sanchez.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).  Plaintiff's allegations make clear that he was not similarly situated to the other prisoners.  First, he does not allege his race.  Second, assuming his race is different from the other prisoners, he was attempting to return to the law library, whereas the other prisoners were going to the yard and the chapel.  He does not allege that he was also prohibited from going to the chapel or yard, or that the other prisoners were allowed to go to the law library.  Third, he does not allege that the other prisoners had the same classification, privileges, or housing restrictions as him.  Because the allegations do not indicate that the other prisoners were similarly situated to Plaintiff, and indeed indicate that they were not, the Complaint does not state a cognizable equal protection

claim.

Plaintiff makes no allegations against the other two named Defendants.

**CONCLUSION**

For the foregoing reasons, the case is DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 3, 2023

_____
JEFFREY S. WHITE
United States District Judge